## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Smallhold, Inc.,[1] | Case No. 24-10267 (CTG) |
| Debtor. | **Re: D.I. ___** |

### ORDER (I) AUTHORIZING THE REJECTION OF (A) AN UNEXPIRED LEASE AND (B) CERTAIN EXECUTORY CONTRACTS, EACH EFFECTIVE AS OF THE REJECTION DATE, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6004, 6006, and 6007, and Local Rule 9013-1: (i) authorizing the rejection of the Lease for nonresidential real property located at the premises set forth on **Schedule 1** attached hereto and (b) the Contracts set forth on **Schedule 2**, each effective as of February 29, 2024 (the "Rejection Date"); and (iii) granting related relief, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and that the Debtor consents to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§

---

[1]  The last four digits of the Debtor's federal tax identification number are 8880.  The Debtor's mailing is 285 Nostrand Avenue #1066, Brooklyn, NY 11216.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having the opportunity for a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    Each of the Lease and the Contracts set forth on **Schedule 1** and **Schedule 2**, respectively, attached hereto is rejected effective as of the Rejection Date.

3.    Any claims arising out of the rejection of the Lease and the Contracts must be filed on or before the deadline established by the Court for filing proofs of claims in this case for rejection damages.  The Debtor reserves all rights to contest any rejection damages claim and to contest the characterization of each Lease or Contract as executory.  If the Debtor has deposited monies with a counterparty to a Lease or Contract as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of the Court.

4.    The Debtor does not waive any claims that they may have against the counterparty to any Lease or the Contract, whether or not such claims are related to such Lease or Contract.

5.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount

of any particular claim against the Debtor entity; (b) a waiver of the Debtor's or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order of the Motion; (e) a request or authorization to assume any agreement, contract, lease, or sublease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtor and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtor's or any other party-in-interest's rights to subsequently dispute such claim.

6.    Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract pursuant to section 365 of the Bankruptcy Code.

7.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.    The Debtor is authorized to take all necessary actions to effectuate the relief granted pursuant to this Order and in accordance with the Motion.

10.    Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions

of this Order shall be immediately effective and enforceable upon its entry.

      11.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

## **Schedule 1**

Rejected Lease

| Lease Counterparty | Counterparty Notice Address | Title and Date of Lease[1] |
|---|---|---|
| ACP BK I LLC | c/o Acumen Capital Partners, LLC<br>630 Flushing Avenue<br>Mailbox #100<br>Brooklyn, NY 11206 | Lease Agreement<br><br>Lease dated<br>March 5, 2022 |

---

[1] References to Lease described herein include all amendments, modifications, supplements, exhibits, and any other operative documents related to such Lease.

1

## **Schedule 2**

Rejected Contracts

| Contract Counterparty | Counterparty Notice Address | Title and Date of Contract[1] |
|---|---|---|
| Cintas Corporation No. 2 | CINTAS CORPORATION<br>6800 Cintas Blvd.,<br>P. O. Box 625737,<br>Cincinnati, OH 45262-5737<br>Attention: Sr. Director Sales & Operations – Strategic Markets<br><br>*with a copy to*<br>CINTAS CORPORATION<br>6800 Cintas Blvd.,<br>P. O. Box 625737,<br>Cincinnati, OH 45262-5737<br>Attention: Legal Department | National Rental Agreement<br><br>Contract dated March 23, 2022 |
| Cintas Corporation No. 2 | CINTAS CORPORATION<br>6800 Cintas Blvd.,<br>P. O. Box 625737,<br>Cincinnati, OH 45262-5737<br>Attention: Sr. Director Sales & Operations – Strategic Markets<br><br>*with a copy to*<br>CINTAS CORPORATION<br>6800 Cintas Blvd.,<br>P. O. Box 625737,<br>Cincinnati, OH 45262-5737<br>Attention: Legal Department | Customer Agreement Addendum<br><br>Contract dated June 8, 2023 |
| Veryable, Inc. | Veryable, Inc.<br>2019 N. Lamar St., Suite 250<br>Dallas, TX 75202 | Veryable Terms of Service<br><br>Contract dated May 31, 2023 |
| Mobile Health Medical Services, P.C. | Mobile Health<br>229 W. 36th St, 9FL<br>New York, NY 10018<br>FAX: 646-224-1150<br><br>ATTN: James Anderson<br>Chief Sales Officer | Agreement for Services<br><br>Contract dated September 9, 2022 |
| Kin Circuits, Inc. | Kin Circuits, Inc.<br>691 Park Place, | Retainer Agreement |

---

[1] References to the Contract described herein include all amendments, modifications, supplements, exhibits, and any other operative documents related to such Contract.

| | Brooklyn, NY 11216 | Contract dated December 13, 2019 |
|---|---|---|
| Propeller Industries, LLC | Propeller Industries, LLC 110 William Street, Suite 2200, New York, NY 10038 | Service Agreement<br><br>Contract dated February 13, 2023 |
| Wasser Technologies, Inc. | Wasser Technologies, Inc. 14080 Nacogdoches Rd #71 San Antonio, TX 78247 | Boiler Water Treatment Proposal – Smallhold<br><br>Contract dated July 7, 2023 |
| HUB Truck Rental Corp. | HUB Truck Rental Corp. 94 Gazza Boulevard, Farmingdale, NY 11735 | Agreement<br><br>Contract dated October 20, 2023 |
| Gander, Inc. | Gander, Inc. 124 9th St, Brooklyn, NY 11215 | Statement of Work #2 Master Services Agreement<br><br>Contract dated October 04, 2023 |